I concur in the result because I do not agree with the implication in the main opinion that the taxpayer finds itself in its current position because it followed the procedures outlined in § 40-2A-7(b)(5), Ala. Code 1975, and provided in the instructions given to the taxpayer by the Department of Revenue along with its final assessment. Those procedures clearly provide that an appeal from a final assessment may be made either to the Department's Administrative Law Division, to be heard by an administrative law judge, or directly to the circuit court, but not to both. The statute and the instructions provide that the appeal must be made within 30 days of the date the final assessment is issued to whichever tribunal the taxpayer chooses.
The taxpayer in this case, within 30 days from the date of issuance of the final assessment, filed a notice of appeal with the Department's Administrative Law Division as contemplated by § 40-2A-7(b)(5)a., and pursued that appeal to a conclusion, albeit not a favorable one for the taxpayer. Neither § 40-2A-7(b)(5) nor the instructions provided to the taxpayer by the Department instruct the taxpayer that, upon receiving an unfavorable result in an appeal under one of the two alternative appeal mechanisms made available under that statute, the taxpayer may then resort to the other mechanism.
After invoking one of the two methods of appeal from the Department's final assessment as provided in § 40-2A-7(b)(5) — an appeal to an administrative law judge — the taxpayer received a final decision. The procedure for appealing from a final decision issued by an administrative law judge is not set out in §40-2A-7(b)(5) and is not provided to the taxpayer in the instructions it was provided with the Department's final assessment. Rather, the requirements for seeking judicial review of a final decision of an administrative law judge's order are prescribed in § 40-2A-9(g), Ala. Code 1975. It is because the taxpayer did not follow the procedures mandated by that section that the petition is due to be granted. *Page 730